FILED IN THE DISTRICT COURT
MAYES CO, OKLAHOMA
MAY 20 2019
LAURA J. WADE, COURT CLERK
BY ______ DEPUTY

**IN THE DISTRICT COURT OF MAYES COUNTY
STATE OF OKLAHOMA**

**MAYES COUNTY FOP LODGE #116, INC.,**

**Plaintiff,**

**v.**

**FARMERS INSURANCE EXCHANGE, FARMERS INSURANCE COMPANY, FOREMOST INSURANCE GROUP, FOREMOST SIGNATURE INSURANCE COMPANY, and FARMERS GROUP, INC.,**

**Defendants.**

**Case No:** CJ-19-101
**Judge:** Taylor

**PETITION**

**COMES NOW** the Plaintiff, MAYES COUNTY FOP LODGE #116, INC. (hereinafter "Plaintiff"), and for its causes of action against Defendants, FARMERS INSURANCE EXCHANGE ("**FIE**"), FARMERS INSURANCE COMPANY ("**FIC**"), FOREMOST INSURANCE GROUP ("**Foremost**"), FOREMOST SIGNATURE INSURANCE COMPANY ("**FSIC**"), and FARMERS GROUP, INC. ("**FGI**") (hereinafter collectively referred to as "Farmers Defendants" or "Defendants"), does hereby allege and state as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is a domestic not for profit corporation in the State of Oklahoma.

2. Farmers Defendants are all part of a holding company group that uses the registered trademark "Farmers Insurance Group of Companies." The Farmers Defendants are part of a reciprocal inter-insurance exchange in which they pool their business among other insureds and exchange

EXHIBIT
1

insurance policies within the Farmers Group of Companies in accordance with the percentages contained within a pooling agreement and/or management agreement and share all premiums, expenses and losses. By and through the inter-insurance exchange the Farmers Defendants owe their policyholders a fiduciary duty of care and collective through their subsidiaries and management agreements, issue policies, collect premiums, pay commissions to agents, and handle every aspect of its property claims handling.

3. Defendant **FIE** is a reciprocal insurer or inter-insurance exchange organized under the laws of the State of California. As a reciprocal insurer or inter-insurance exchange, **FIE** owes its policyholders, and a citizen of each state in which it has subscribers (members/policyholders), which at all times pertinent to this action, includes subscribers/members/policyholders in the State of Oklahoma.

4. Defendant **FICI** is a stock corporation incorporated under the laws of the State of Kansas which is owned by FIE (70.0%), Fire Insurance Exchange (20.0%), and Truck Insurance Exchange (10.0%).

5. Defendant **FICI** is simply the instrumentality of **FIE**. As a result, the separation between these two entities may be disregarded as one for the purpose of breach of contract and bad faith claims.

6. As an unincorporated association, **FIE** is deemed to be a citizen of each state in which each of its members reside.

7. Defendant **Foremost** is a corporation in name only and is incorporated under the laws of the State of Michigan. Foremost is not a legal entity, has no employees, is a member of the Farmers Insurance Group of Companies and is a brand name operating as a business unit within **FGI**.

8. Defendant **FSIC** operates as an insurance firm and is a member and/or subsidiary of the Foremost/Farmers Insurance Group of Companies.

9. Defendant **FGI** is a Nevada corporation with its principal place of business in California. **FGI** provides management services for **FICI** and acts as the statutory attorney-in-fact for **FIE**. FGI has contractual relationships with the Farmers Defendants through its attorney-in-fact designations and under its management agreements. Pursuant to these contractual relationships, FGI provides management services to all of the Farmers Defendants. These management services specifically include, but are not limited to, setting of premiums, underwriting and rating of insureds, implementation of rating guidelines, and transmission/production of all policy forms to all insureds of the Farmers Defendants.

10. Farmers Defendants have insurance agents located in Mayes County, Oklahoma.

11. Venue is proper under 12 O.S. § 137.

**STATEMENT OF FACTS**

12. Plaintiff's Fraternal Order of Police Lodge is located 2122 NE 1st Street in Pryor, Mayes County, Oklahoma. Plaintiff has an insurable interest in the

property located at 2122 NE 1st Street, Pryor, Oklahoma 74361 (hereinafter referred to as the "Covered Property").

13. Plaintiff entered into a contract for insurance with Defendants to provide coverage for its Covered Property.

14. Defendants issued the commercial policy of insurance, Policy No. PPS 0004698033 (hereinafter the "Policy"), to the Plaintiff.

15. Defendants represented to the Plaintiff that they would conduct themselves in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiff relied on said representations.

16. On or about May 19, 2017, the Covered Property insured under the Policy was severely damaged as a direct result of windstorm/hail.

17. Plaintiff timely and properly submitted a claim to Defendants for the property damage incurred due to the windstorm/hail.

18. Defendants confirmed that the cause of Plaintiff's property damage claim was due to a windstorm/hail event, and that the loss was covered under the terms and conditions of the Policy with Defendants. Defendants assigned a claim number of 30100882451-1-1 to the covered loss.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

19. Plaintiff adopts and incorporates by reference paragraphs 1 through 18 above as if fully plead herein, and for further claims against the Defendants allege as follows:

20. Plaintiff entered into a contract for insurance with Defendants to provide

coverage for the Covered Property.

21. At all times material hereto, the Policy was in full force and effect.

22. Plaintiff provided timely and proper notice of its claim for all covered damages resulting from the windstorm/hail loss that occurred on or about May 19, 2017.

23. Plaintiff has complied with the terms and conditions and all conditions precedent under the Policy of insurance.

24. As to the windstorm/hail damages that underlie Plaintiff's claim, Defendants inspected the Covered Property on or about January 5, 2018, assigned an improper date of loss of 11/25/2017, and refused to pay all insurance benefits to date for all losses covered by the Policy. As result of Defendants' inadequate investigation and claims handling, Defendants estimated the total damage incurred to Plaintiff's Covered Property is only **$1,909.08**.

25. Conversely, Plaintiff received an estimate from their Public Insurance Adjuster which was provided to Defendants that confirmed the cost to repair those losses covered by the Policy total **$31,678.37**.

26. By failing to fully indemnify Plaintiff for losses covered by the Policy, Defendants have breached their contractual obligations under the terms and conditions of the Policy with Plaintiff by failing to pay Plaintiff all benefits owed.

27. Defendants' conduct is the proximate cause of Plaintiff's damages.

28. As a result of the Defendants' breach of contract, Plaintiff has sustained financial losses.

29. Pursuant to 12 O.S. § 3629(B), Plaintiff is entitled to attorneys' fees, costs and statutory interest at the rate of 15% per annum.

30. As a result of Defendants' breach of contract and other wrongful conduct, Plaintiff has been damaged in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

**SECOND CAUSE OF ACTION**
**BAD FAITH**

31. Plaintiff adopts and incorporates by reference paragraphs 1 through 30 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

32. Defendants owed a duty to Plaintiff to deal fairly and act in good faith.

33. Defendants failed to properly and thoroughly inspect and investigate the Plaintiff's claim.

34. Defendants made knowingly false and improper statements and claims handling decisions to the detriment of Plaintiff.

35. Defendants failed to retain qualified adjusters and consultants with construction experience to properly inspect and estimate Plaintiff's loss.

36. Defendants have implemented business practices, including refusing to pay for certain damages despite knowing the scope of loss requires such repairs, in an effort to maximize profit and underpay its policyholders.


37. Defendants breached the duty to deal fairly and act in good faith by failing to timely and properly investigate, evaluate and/or pay the Plaintiff's claim.

38. Defendants' obligations to the Plaintiff arise from both express written terms under the Policy as well as implied obligations under Oklahoma law.

39. Defendants' conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

40. Defendants' misrepresentation of the terms of the Policy is a violation of Defendants' obligation to treat Plaintiff in good faith and fairly under Oklahoma law.

41. Defendants owe for all direct physical loss or damage caused by a peril not otherwise limited or excluded by the express terms of the Policy.

42. Defendants ignored direct physical loss or damage covered by the Policy for financial gain.

43. As a direct and proximate result of Defendants' bad faith conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongfully underpaid. Said actions resulted in additional profits and a financial windfall to Defendants, and to the damage and detriment of Plaintiff.

44. Defendants engage in a profit sharing program that provides financial incentives to its agents, servants, employees and/or representatives to underpay and/or deny its policyholders' claims.

45. As a result of Defendants' conduct the Plaintiff has sustained financial

losses and has been damaged in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

46. The conduct of Defendants was intentional, willful, malicious, and/or in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

47. The amount of punitive damages sought to be recovered is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

48. Plaintiff further alleges Defendants profited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, the Plaintiff pray for judgment against Defendants as follows:

a. Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject Policy of insurance for damage to its Covered Property caused by the windstorm/hail event on or about May 19, 2017, together with interest on all amounts due;

b. Disgorgement of the increased financial benefits derived by Defendants as a direct result of Defendants' wrongful or intentional,

      willful, malicious and/or reckless conduct;

c. The amount of punitive damages sought to be recovered for Plaintiff's Bad Faith/Breach of the Common Law Duty of Good Faith and Fair Dealing action is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code;

d. Actual and punitive damages each in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), and

e. Statutory attorneys' fees, costs and interest, including pre-judgment and post-judgment interest, and any other relief deemed equitable and just.

Respectfully submitted,

J. DREW HOUGHTON, OBA # 18080
**MERLIN LAW GROUP, P.A.**
One Leadership Square
211 N. Robinson Ave., Suite 210
Oklahoma City, Oklahoma 73102
Telephone: (405) 218-1105
Facsimile: (405) 652-1401
Email: dhoughton@merlinlawgroup.com

***Attorneys for Plaintiff***

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**