UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAYES COUNTY FOP LODGE #116, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-687-JED-FHM |
| | ) |
| FARMERS INSURANCE EXCHANGE, | ) |
| FARMERS INSURANCE COMPANY, | ) |
| FOREMOST INSURANCE GROUP, | ) |
| FOREMOST SIGNATURE INSURANCE | ) |
| COMPANY, and | ) |
| FARMERS GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This insurance dispute comes before the Court on the Motion to Remand (Doc. 13) of the plaintiff, Mayes County FOP Lodge #116, Inc. (Lodge). The plaintiff argues that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because Defendant Farmers Insurance Exchange (FIE) is, like the Lodge, a citizen of Oklahoma. Defendant Foremost Signature Insurance Company (FSIC), which removed the case (Doc. 2) and now opposes remand (Doc. 14), argues that the Court should ignore the Exchange's citizenship for diversity purposes because the Lodge fraudulently joined (or, alternatively, misjoined) the Exchange in order to avoid federal jurisdiction.

**I.      BACKGROUND**

Lodge 116, an Oklahoma nonprofit corporation, brought this action in state court after a storm damaged the Lodge's property and the Lodge's insurer declined to pay the ensuing claim. Exactly who that insurer was is in dispute. In its petition, Lodge 116 claims to have been insured by the "Defendants" generally. Although the petition is at times hard to decipher, the Lodge's theory of the case seems to be that the defendants are all part of a single insurance operation and

therefore shared responsibility for upholding the terms of the insurance policy. (*See* Doc. 2-1 ¶ 2). Accordingly, the Lodge attributes all conduct to the defendants collectively, alleging that it entered into a contract with "Defendants," that "Defendants" issued the policy in question, and that "Defendants" owed a duty of good faith and fair dealing. (Doc. 2-1 ¶¶ 13, 14, 32). Likewise, Lodge 116 alleges its two causes of action—breach of contract and bad faith—against "Defendants" collectively.

FSIC contends that it alone was the Lodge's insurer and that the Lodge's claims against the other defendants are bogus. According to FSIC, Lodge 116's strategy of alleging liability of the defendants generally is a ploy whose real purpose is to avoid federal jurisdiction.

## II.    LEGAL STANDARDS

When a plaintiff brings a civil action in state court, but a federal district court has proper jurisdiction to hear it, a defendant may remove the case to federal court. 28 U.S.C. § 1441(a). The relevant jurisdictional grant in this case, 28 U.S.C. § 1332(a), provides that district courts shall have original jurisdiction over civil actions between citizens of different states. And the Supreme Court has held that § 1332 requires complete diversity of citizenship; no plaintiff can be a citizen of the same state as any defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Nevertheless, two doctrines—fraudulent joinder and fraudulent misjoinder—may operate as exceptions to the general requirement of complete diversity.

### A.    Fraudulent Joinder

The right of removal cannot be defeated by the fraudulent joinder of a nondiverse defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412–13 (10th Cir. 1991). To establish fraudulent joinder, "the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.*

The second kind of fraudulent joinder, by far the most common, complicates the court's task on a motion to remand because it turns on the veracity of the plaintiff's substantive allegations. "While a court normally evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements, fraudulent joinder claims are assertions that the pleadings are deceptive." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006). Accordingly, a district court may go beyond the pleadings to determine whether a party's joinder is fraudulent:

> In many cases, removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal. But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.

*Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (internal citations omitted).

The available caselaw provides differing and seemingly inconsistent standards of proof for establishing fraudulent joinder. The Tenth Circuit has never explained in a published opinion exactly what it meant in *Dutcher* when it said that the party alleging fraudulent joinder must show the "inability of the plaintiff to establish a cause of action against the non-diverse party."[1] Prior to *Dutcher*, the court had said that an allegation of fraudulent joinder "must be capable of summary

---

1. *See Bellman v. NXP Semiconductors USA, Inc.*, 248 F. Supp. 3d 1081, 1111–16 (D.N.M. 2017) (Browning, J.) (providing an in depth discussion of the Tenth Circuit's fraudulent joinder cases). In *Bellman*, judge Browning analyzed the existing cases and concluded that the removing party must show that "there is no possibility that the plaintiff will obtain a judgment against an in-state defendant." *Id.* at 1116.

3

determination and *proven with complete certainty*." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (emphasis added) (citing *McLeod v. Cities Serv. Gas. Co.*, 233 F.2d 242 (10th Cir. 1956)). In *Montano v. Allstate Indemnity*, the court announced a similar standard:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is *no possibility* that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has *any possibility of recovery* against the party whose joinder is questioned.

*Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (emphasis added) (alteration in original) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000)). In another case, though, the court said the question is "whether there is a *reasonable basis* to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (emphasis added) (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir.2000)). A "reasonable basis," the court said, "means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.*

The Fifth Circuit, whose decisions provided the rules adopted by the Tenth Circuit in *Dutcher*, *Montano*, and *Nerad*, has recognized the seeming inconsistency between the "no possibility" and "reasonable basis" standards. *See Travis v. Irby*, 326 F.3d 644, 646–48 (5th Cir. 2003). Ultimately, the court held that the two articulations were alternative ways of saying the same thing:

> The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis*, 326 F.3d at 648).

The Court finds the Fifth Circuit's attempt to reconcile its "reasonable basis" and "no possibility" unpersuasive. For one, the two tests are inherently at odds. As this Court has said elsewhere, "[b]elief in a plaintiff's eventual success may be unreasonable even as a possibility of recovery, however slim, remains." *Johnson v. State Farm Fire & Cas. Co.*, No. 19-CV-250-JED-FHM, 2019 WL 5388521, at *2 (N.D. Okla. Oct. 22, 2019). More importantly, such a tortured definition of "no possibility" finds no support in the Tenth Circuit's published decisions on the issue of fraudulent joinder. Where the Tenth Circuit has upheld the denial of remand, undisputed evidence showed that recovery against the nondiverse defendant was impossible as a matter of law. *See Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964); *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 409 (10th Cir. 1958); *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). Finally, the practicalities of the remand procedure favor a clear-cut test. Typically, a motion to remand is made before the parties have conducted any discovery, so courts are often poorly situated to assess the likelihood of a plaintiff's eventual success. In many cases, a standard that turns on whether the district court has a "reasonable basis . . . to predict that the plaintiff might be able to recover" would simply invite the court to speculate. Therefore, in the interests of clarity, and consistent with Tenth Circuit precedent, the Court holds that, in order to demonstrate "inability of the plaintiff to establish a cause of action against the non-diverse party in state court," the party asserting federal jurisdiction must show that the plaintiff would have no possibility of recovery against the defendant.

  **B.**   **Fraudulent Misjoinder**

In addition to the doctrine of fraudulent joinder, some courts have adopted the doctrine of fraudulent *misjoinder*, sometimes referred to as "procedural misjoinder." "Fraudulent misjoinder

occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (quoting E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006). In other words, fraudulent misjoinder occurs when the plaintiff joins a viable claim against a nondiverse defendant in order to ensure that the plaintiff can litigate an unrelated claim against another defendant in state court. Arthur R. Miller, *Federal Practice and Procedure* ("Wright & Miller") § 3641.1 (3d ed., April 2020 update).

Whether there is a "reasonable procedural basis" for joinder turns on whether the defendant's joinder complies with the applicable joinder rule. In the federal system, defendants may be joined in one action if (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As many state courts have patterned their rules on the Federal Rules of Civil Procedure, the same test often applies when misjoinder is analyzed according to state law.[2]

The Tenth Circuit has yet to adopt the doctrine of fraudulent misjoinder and declined to take up the issue when given the opportunity. *See Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014). Nevertheless, FSIC urges its application here in the event the Court rejects FSIC's primary argument for fraudulent joinder.

---

2. Courts appear to be divided on whether federal or state procedural rules should govern the fraudulent misjoinder analysis. *See* Percy, *supra*, at 590–91 & nn.109–12 (collecting cases). Professor Percy argues persuasively that, when a party alleges fraudulent misjoinder in order to defeat remand, it is the state procedural rule that should govern. *See id.* at 590–606.

## III. DISCUSSION

In its notice of removal, FSIC alleges fraudulent joinder and misjoinder with respect to both Farmers Insurance Exchange (FIE) and Farmers Insurance Company (FIC). This is confusing because FSIC also claims—and Lodge 116 does not dispute—that FIE is the only nondiverse defendant. All agree that FIC, a Kansas Corporation whose principal place of business is in Kansas, does not share the Lodge's Oklahoma citizenship. Since FIC is diverse from the plaintiff, there is no reason for the Court to address its joinder in determining whether jurisdiction is proper under § 1332. The parties agree that this action would satisfy complete diversity but for the presence of FIE, and the Court will limit its fraudulent joinder and misjoinder analyses accordingly.

### A. Fraudulent Joinder

FSIC argues that Lodge 116 cannot establish a cause of action against Farmers Insurance Exchange for either breach of contract or bad faith. Ordinarily, a person or entity not a party to a contract cannot breach that contract. *Miller v. BCG Healthcare Investments LLC*, No. CIV-12-0681-HE, 2012 WL 12863169 (W.D. Okla. Sept. 11, 2012). And the general rule is that only an insurer owes a duty of good faith to the insured. *Trinity Baptist Church v. Brotherhood. Mut. Ins. Servs*., LLC, 341 P.3d 75, 79 (Okla. 2014). FSIC claims that it, and it alone, was party to the insurance contract at issue. In support of this assertion, the company submits a copy of the policy's declaration's page, which identifies FSIC as the insurer. (*See* Doc. 2-4). FSIC argues that, because FIE was not Lodge 116's insurer, the Lodge cannot establish a cause of action against FIE.

Lodge 116 concedes that FIE was not a party to the contract but, citing Oklahoma law, argues that the Exchange may be held liable on an alter-ego theory. (*See* Doc. 13 at 7–8). FSIC, which argues that Oklahoma's conflict rules require the application of Michigan law, contends that the Lodge cannot state a claim even under an alter-ego theory. The Court need not resolve the conflict. Whether Oklahoma or Michigan law governs, the outcome would be the same: FSIC has

failed in its burden to show Lodge 116's inability to establish a cause of action against FIE in state court.

In its briefing, FSIC repeatedly complains that the Lodge's petition, by alleging all factual claims against "Defendants" generically, fails to allege sufficient facts to state a claim against FIE. In doing so, however, FSIC seems to be laboring under the misconception that, on a motion to remand, a plaintiff's petition is subject to the pleading standard used to decide a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Bellman v. NXP Semiconductors USA, Inc.*, 248 F. Supp. 3d 1081, 1132 (D.N.M. 2017) (rejecting defendant's argument that the federal dismissal standard applies); *Estes v. Airco Serv.*, No. 11-CV-776, 2012 WL 1899839, at *2 n.1, 2012 U.S. Dist. LEXIS 72134, at *7 n.1 (N.D. Okla. May 24, 2012) (same); *Shue v. High Pressure Transps., LLC*, No. 10-CV-559, 2010 WL 4824560, at *6–7 n.2, 2010 U.S. Dist. LEXIS 123758, at *21–23 n.2 (N.D. Okla. Nov. 22, 2010) (same). This is not the case, and for good reason.

The question presented by an allegation of fraudulent joinder is not whether a pleading would survive dismissal in federal court; it is whether the plaintiff can establish a cause of action in state court. *See Dutcher,* 733 F.3d at 988. And, in determining whether the plaintiff could establish a cause of action, the court may pierce the pleadings to find out whether the plaintiff has any possibility of recovery. *Montano*, 2000 WL 525592, at *1; *cf. Smoot*, 378 F.2d at 882 ("[T]he issue [of fraudulent joinder] must be capable of summary determination and be proven with complete certainty."). Since fraudulent joinder is established by the facts, it is irrelevant whether the plaintiff has adequately alleged his claims according to the pleading standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Oklahoma has not adopted the *Twombly/Iqbal* "plausible claim" standard for claims under state law. In Oklahoma courts, a petition must not be dismissed for failure to state a claim "unless the allegations show beyond any doubt that the litigant can prove no set of facts that would entitle him to relief." *Ind. Nat'l Bank v. State Dep't of Human Servs.*, 880 P.2d 371, 375–76 (Okla. 1994). In this case, the Court agrees that Lodge 116's petition would be too vague and conclusory to survive a dismissal motion under the federal standard, but the Lodge was not required to meet that standard when it brought its suit in state court. Thus, even if the *Twombly/Iqbal* standard applied, fairness would dictate that the Court to grant the Lodge leave to amend before deciding whether to remand or not. This would introduce an unnecessary and wasteful step into the remand inquiry, where the Court's task is to determine whether the action can even be heard in the federal forum. The better practice is to move straight to the question of whether, given the undisputed evidence, the plaintiff could establish a cause of action in state court. *See Archuleta v. Taos Living Ctr.*, LLC, 791 F. Supp. 2d 1066, 1075–76 (D.N.M. 2011) (reasoning that the question is not whether the plaint *has* stated a claim but whether the plaintiff, with amendment, *could* state a possibly viable claim).

As the Court explained above, it is the responsibility of the party asserting fraudulent joinder to demonstrate the plaintiff's inability to establish a cause of action against the nondiverse defendant. Here, Lodge 116's petition was not so vague as to obscure its intent to pursue alter-ego liability against FIE. FSIC recognized the potential for an alter-ego theory and argued the issue in its notice of removal. (Doc. 2 at 8–9). What FSIC failed to do was support its argument with any evidence regarding its corporate structure, its relationship to its parent entities, or any other facts tending to show that the Lodge would be unable to establish the elements necessary to pierce the

corporate veil. Because it was FSIC's burden to show that the Lodge had no possibility of recovery against FIE, this failure was fatal to its allegation of fraudulent joinder.

**B.     Fraudulent Misjoinder**

FSIC also fails to establish fraudulent misjoinder. Assuming that the doctrine of fraudulent misjoinder exists in the Tenth Circuit, the question is whether the Lodge had a reasonable procedural basis to join its claims against FIE in a single action with its claims against the other defendants. *See Lafalier*, 391 F. App'x at 739. And the basic test for permissive joinder is whether the claims against the defendants arise out of the same transaction or occurrence and raise common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2).[3]

Here, Lodge 116's allegations against all the defendants relate to the Lodge's insurance claim and the defendants' alleged failure to comply with the terms of the policy in question. This is, without question, enough to qualify for permissive joinder under Rule 20. FSIC's argument to the contrary seems to be the fact that FIE was not a party to the insurance contract in question, but whether FIE may be held liable on the contract goes to the substance of the Lodge's claims, not the procedural basis for joining the claims in a single action. It is enough for procedural purposes that the Lodge's claims against all defendants (1) relate to the same transaction or occurrence (i.e., the Lodge's insurance claim and the defendants' alleged failure to pay it) and (2) raise common questions of fact or law (e.g., whether the Lodge was entitled to the claimed amount and, if so, who was responsible for ensuring that the amount was paid in a timely fashion). Because there

---

3. FSIC and *Lafalier* both cite Rule 20 of the Federal Rules, but the real question raised by an allegation of fraudulent misjoinder is whether joinder of the nondiverse defendant was reasonable as filed in state court. Accordingly, the Court believes that the state's joinder rules should govern. In this case, however, the distinction is of no significance because Oklahoma's permissive joinder rule is, if anything, broader in scope than its federal counterpart. *See* Okla. Stat. tit. 12, § 2020. Hence, if joinder of FIE is unreasonable under the federal standard, it is necessarily unreasonable under Oklahoma's rule.

was a reasonable procedural basis for Lodge 116 join FIE in a single action with the other defendants, FSIC's allegation of fraudulent misjoinder fails.

## IV. CONCLUSION

For the reasons explained above, FSIC has not shown that Lodge 116 fraudulently joined or misjoined FIE in order to defeat diversity. Because FIE and Lodge 116 are both citizens of Oklahoma, complete diversity is absent, and the Court lacks jurisdiction over this action. Accordingly, Plaintiff's Motion to Remand (Doc. 13) is **granted.**

SO ORDERED this 19th day of October, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT